IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLIDITAS THERAPEUTICS AB,<br><br>Plaintiff,<br><br>v. | ) | C.A. No. _____________ |
| QILU PHARMACEUTICAL CO., LTD., and QILU PHARMA INC.,<br><br>Defendants. | ) | **ANDA CASE** |

**COMPLAINT**

Calliditas Therapeutics AB ("Calliditas"), by its undersigned attorneys, for its Complaint against Defendants Qilu Pharmaceutical Co., Ltd. ("Qilu Ltd.") and Qilu Pharma Inc. ("Qilu Inc.") (collectively, "Qilu" or "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 221134 ("Defendants' ANDA") to the United States Food and Drug Administration ("FDA"). Defendants' ANDA seeks FDA approval to market and sell 4 mg delayed-release capsules of budesonide ("Defendants' ANDA Product") prior to the expiration of U.S. Patent Nos. 11,896,719, ("the '719 Patent"), 12,171,882 ("the '882 Patent"), 12,171,883 ("the '883 Patent"), and 12,311,057 ("the '057 Patent") (collectively, the "patents-in-suit").

2. Calliditas owns the patents-in-suit and is the holder of FDA approved New Drug Application ("NDA") No. 215935, for the brand name drug TARPEYO® (budesonide). The patents-in-suit generally cover oral dosage forms and methods of use and administration of budesonide, including TARPEYO®. Defendants' ANDA Product is a proposed generic version of TARPEYO®.

## THE PARTIES

3. Plaintiff Calliditas is a corporation organized and existing under the laws of Sweden, having a principal place of business at D5, Kungsbron 1, Stockholm, Sweden.

4. On information and belief, Defendant Qilu Ltd. is a company organized and existing under the laws of China, having a principal place of business at 8888 Lvyou Road, High-Tech Zone, Jinan, 250104, China. On information and belief, Qilu Ltd. is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products.

5. On information and belief, Defendant Qilu Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, having a principal place of business at 101 Lindenwood Drive, Suite 225, Malvern, PA 19355. On information and belief, Qilu Inc. is in the business of, among other things, developing, manufacturing, and selling generic versions of branded pharmaceutical products.

6. On information and belief, Qilu Inc. is a wholly-owned subsidiary of Qilu Ltd.

7. On information and belief, Qilu Inc. is the designated U.S. agent for Qilu Ltd. in connection with Qilu's ANDA No. 221134.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9. Venue is proper for Qilu Ltd. under 28 U.S.C. §§ 1391 and/or 1400(b), and this Court has personal jurisdiction over Qilu Ltd.

10. Venue is proper for Qilu Inc. under 28 U.S.C. §§ 1391 and/or 1400(b), and this Court has personal jurisdiction over Qilu Inc.

11. This Court has personal jurisdiction over Qilu Ltd. by virtue of, *inter alia,* its systematic and continuous contacts with the State of Delaware.

12. This Court also has personal jurisdiction over Qilu Ltd. because, *inter alia*, Qilu Ltd. has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will lead to foreseeable harm and injury to Calliditas in Delaware. For example, on information and belief, following FDA approval of Qilu's ANDA, Qilu Ltd. will make, use, offer for sale, sell and/or import Qilu's ANDA Product in the United States, including in Delaware, prior to the expiration of the patents-in-suit.

13. On information and belief, Qilu Ltd. develops, manufactures, distributes, markets, offers to sell and sells generic drug products for sale and use throughout the United States, including within this Judicial District.

14. On information and belief, Qilu Ltd. acted in concert with or directed Qilu Inc. to prepare and submit Defendants' ANDA, with the intention of receiving a significant financial benefit from the FDA's approval of Defendants' ANDA.

15. On information and belief, Qilu Ltd. derives substantial revenue from selling generic products throughout the United States, including in this Judicial District, and has availed itself of the privilege of doing business in this Judicial District.

16. On information and belief, Qilu Ltd. actively participated in the submission of Defendants' ANDA.

17. On information and belief, Qilu Ltd. seeks approval from the FDA to sell Defendants' ANDA Product throughout the United States, including in this Judicial District. On

information and belief, this Judicial District will be a destination of the generic drug product described in Defendants' ANDA.

18. This Court also has personal jurisdiction over Qilu Ltd. because Qilu Ltd. has purposefully availed itself of the benefits and protections of the State of Delaware and, therefore, could reasonably anticipate being sued in this Judicial District. On information and belief, Qilu Ltd., directly or indirectly, manufactures, imports, markets, offers to sell, sells and/or distributes generic drugs throughout the United States, including Delaware, and Delaware would be a destination of Defendants' ANDA Product. On information and belief, Qilu Ltd., prepared and submitted ANDA No. 221134 with the FDA.

19. This Court has personal jurisdiction over Qilu Ltd. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; and previously consenting to personal jurisdiction in this Court (*see, e.g.*, Answer and Affirmative Defenses, *Heron Therapeutics, Inc. v. Qilu Pharmaceutical Co., Ltd., et al.*, C.A. No. 25-357 (D. Del. Jun. 9, 2025), D.I. 19 at ¶¶ 17-27; Answer and Affirmative Defenses, *Pfizer Inc., et al. v. Qilu Pharm. Co., Ltd. and Qilu Pharma, Inc.*, C.A. No. 21-929 (D. Del. Aug. 30, 2021), D.I. 11 at ¶¶ 12-13; Answer and Affirmative Defenses, *Pfizer Inc., et al. v. Qilu Pharm. Co., Ltd. and Qilu Pharma, Inc.*, C.A. No. 19-754 (D. Del. Jul. 8, 2019), D.I. 10 at ¶¶ 14-15; Answer and Affirmative Defenses, *Millennium Pharms., Inc. v. Qilu Pharm. Co., Ltd. and Qilu Pharma Inc.,* C.A. No. 17-1830 (D. Del. Feb. 20. 2018), D.I. 11 at ¶ 13; Answer and Affirmative Defenses, *Onyx Therapeutics, Inc. v. Qilu Pharma, Inc. and Qilu Pharm. Co., Ltd.*, C.A. No. 16-1013 (D. Del. Feb. 21, 2017), D.I. 15 at ¶¶ 11-14).

20. This Court further has personal jurisdiction over Qilu Ltd. and Qilu Inc. because they have previously availed themselves to the rights and benefits of this Court by asserting

counterclaims in this Judicial District. *See, e.g.*, *Pfizer Inc., et al. v. Qilu Pharm. Co., Ltd. and Qilu Pharma, Inc.*, C.A. No. 21-929 (D. Del. Aug. 30, 2021), D.I. 11; *Pfizer Inc., et al. v. Qilu Pharm. Co., Ltd. and Qilu Pharma, Inc.*, C.A. No. 19-754 (D. Del. Jul. 8, 2019), D.I. 10; and *Millennium Pharms., Inc. v. Qilu Pharm. Co., Ltd. and Qilu Pharma Inc.,* C.A. No. 17-1830 (D. Del. Feb. 20. 2018), D.I. 11.

21. In the alternative, this Court has personal jurisdiction over Qilu Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Calliditas's claims arise under federal law; (b) Qilu Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Qilu Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Qilu Ltd. satisfies due process.

22. Venue is proper in this Judicial District for Qilu pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Qilu is a company organized and existing under the laws of China and may be sued in any judicial district.

23. This Court has personal jurisdiction over Qilu Inc. by virtue of, *inter alia,* its systematic and continuous contacts with the State of Delaware.

24. This Court also has personal jurisdiction over Qilu Inc. because, *inter alia*, Qilu Inc. has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will lead to foreseeable harm and injury to Calliditas in Delaware. For example, on information and belief, following FDA approval of Qilu's ANDA, Qilu Inc. will make, use, offer for sale, sell

and/or import Qilu's ANDA Product in the United States, including in Delaware, prior to the expiration of the patents-in-suit.

25. On information and belief, Qilu Inc. develops, manufactures, distributes, markets, offers to sell and sells generic drug products for sale and use throughout the United States, including within this Judicial District.

26. On information and belief, Qilu Inc. prepares and/or aids in the submission of ANDAs to the FDA.

27. On information and belief, Qilu Inc. derives substantial revenue from selling generic products throughout the United States, including in this Judicial District, and has availed itself of the privilege of doing business in this Judicial District.

28. On information and belief, Qilu Inc. actively participated in the submission of Defendants' ANDA.

29. On information and belief, Qilu Inc. seeks approval from the FDA to sell Defendants' ANDA Product throughout the United States, including in this Judicial District. On information and belief, this Judicial District will be a destination of the generic drug product described in Defendants' ANDA.

30. This Court also has personal jurisdiction over Qilu Inc. because Qilu Inc. has purposefully availed itself of the benefits and protections of the State of Delaware and, therefore, could reasonably anticipate being sued in this Judicial District. On information and belief, Qilu Inc., directly or indirectly, manufactures, imports, markets, offers to sell, sells and/or distributes generic drugs throughout the United States, including Delaware, and Delaware would be a destination of Defendants' ANDA Product. On information and belief, Qilu Inc., prepared and submitted ANDA No. 221134 with the FDA.

31. This Court has personal jurisdiction over Qilu Inc. by virtue of, *inter alia*, its presence in Delaware, having conducted business in Delaware; having derived revenue from conducting business in Delaware; previously consenting to personal jurisdiction in this Court (*see, e.g.*, Answer and Affirmative Defenses, *Heron Therapeutics, Inc. v. Qilu Pharmaceutical Co., Ltd. et al*, C.A. No. 25-357 (D. Del. Jun. 9, 2025), D.I. 19 at ¶¶ 17-27; Answer and Affirmative Defenses, *Pfizer Inc., et al. v. Qilu Pharm. Co., Ltd. and Qilu Pharma, Inc.*, C.A. No. 21-929 (D. Del. Aug. 30, 2021), D.I. 11 at ¶¶ 12-13; Answer and Affirmative Defenses, *Pfizer Inc., et al. v. Qilu Pharm. Co., Ltd. and Qilu Pharma, Inc.*, C.A. No. 19-754 (D. Del. Jul. 8, 2019), D.I. 10 at ¶¶ 14-15; Answer and Affirmative Defenses, *Millennium Pharms., Inc. v. Qilu Pharm. Co., Ltd. and Qilu Pharma Inc.,* C.A. No. 17-1830 (D. Del. Feb. 20. 2018), D.I. 11 at ¶ 13; Answer and Affirmative Defenses, *Onyx Therapeutics, Inc. v. Qilu Pharma, Inc. and Qilu Pharm. Co., Ltd.*, C.A. No. 16-1013 (D. Del. Feb. 21, 2017), D.I. 15 at ¶¶ 11-14).

**PATENTS-IN-SUIT**

32. On February 13, 2024, the ’719 Patent, titled “Pharmaceutical Compositions,” was duly and lawfully issued by the United States Patent and Trademark Office (“USPTO”). Calliditas is the assignee of the ’719 Patent. A true copy of the ’719 Patent is attached hereto as **Exhibit A**.

33. On December 24, 2024, the ’882 Patent, titled “Pharmaceutical Compositions,” was duly and lawfully issued by the USPTO. Calliditas is the assignee of the ’882 Patent. A true copy of the ’882 Patent is attached hereto as **Exhibit B**.

34. On December 24, 2024, the ’883 Patent, titled “Pharmaceutical Compositions,” was duly and lawfully issued by the USPTO. Calliditas is the assignee of the ’883 Patent. A true copy of the ’883 Patent is attached hereto as **Exhibit C**.

35. On May 27, 2025, the ’057 Patent, titled “Pharmaceutical Compositions,” was duly and lawfully issued by the USPTO. Calliditas is the assignee of the ’057 Patent. A true copy of the ’057 Patent is attached hereto as **Exhibit D**.

## TARPEYO®

36. Calliditas holds approved NDA No. 215935 for delayed-release capsules containing the active ingredient budesonide. Calliditas markets and sells budesonide delayed-release capsules under the trade name TARPEYO®.

37. TARPEYO® is a corticosteroid indicated to reduce the loss of kidney function in adults with primary immunoglobulin A nephropathy (IgAN) who are at risk for disease progression. A copy of the complete prescribing information for TARPEYO® is attached hereto as **Exhibit E.**

38. Pursuant to 21 U.S.C. § 355(b)(1) and related FDA regulations, Calliditas listed the ’719, ’882, ’883, and ’057 Patents in the FDA publication, “Approved Drug Products with Therapeutic Equivalence Evaluations” (the “Orange Book”), with respect to TARPEYO®. The prescribing information for TARPEYO® instructs and encourages physicians, other healthcare workers and patients to administer TARPEYO® capsules according to one or more of the methods claimed in the patents-in-suit.

## ACTS GIVING RISE TO THIS ACTION

39. By letter dated January 12, 2026 (“January 12 Notice Letter”), Qilu notified Calliditas that Qilu had submitted ANDA No. 221134 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)). Calliditas received the January 12 Notice Letter no earlier than January 13, 2026.

40. The January 12 Notice Letter states that Qilu seeks approval from the FDA to engage in the commercial manufacture, use, sale, offer to sell, and/or importation into the United

States of Defendants' ANDA Product before expiration of the '719 Patent, the '882 Patent, the '883 Patent, and the '057 Patent. On information and belief, Defendants intend to, directly or indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product promptly upon receiving FDA approval.

41. By filing ANDA No. 221134, Defendants have necessarily represented to the FDA that Defendants' ANDA Product has the same active ingredient, the same dosage form, the same route of administration, and the same strengths as TARPEYO®. By submitting ANDA No. 221134, Defendants also have necessarily represented to the FDA that Defendants' ANDA Product is bioequivalent to TARPEYO®. On information and belief, Defendants are seeking approval to market and sell their ANDA Product for the same approved indications as TARPEYO®.

42. In the January 12 Notice Letter, Qilu states that Defendants' ANDA contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification").

**COUNT I**
**INFRINGEMENT OF THE '719 PATENT**

43. Calliditas repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

44. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Product, prior to the expiration of the '719 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

45. On information and belief, Defendants' ANDA Product and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '719 Patent.

46. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the ’719 Patent.

47. Unless enjoined by this Court, upon FDA approval of Defendants’ ANDA, Defendants will infringe one or more claims of the ’719 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants’ ANDA Product in the United States.

48. Unless enjoined by this Court, upon FDA approval of Defendants’ ANDA Product, Defendants will induce infringement of one or more claims of the ’719 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants’ ANDA Product in the United States. On information and belief, upon FDA approval of Defendants’ ANDA Product, Defendants will intentionally encourage acts of direct infringement with knowledge of the ’719 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the ’719 Patent.

49. Unless enjoined by this Court, upon FDA approval of Defendants’ ANDA Product, Defendants will contributorily infringe one or more claims of the ’719 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants’ ANDA Product in the United States. On information and belief, Defendants have had and continue to have knowledge that Defendants’ ANDA Product is especially adapted for a use that infringes one or more claims of the ’719 Patent and that there is no substantial non-infringing use for Defendants’ ANDA Product.

50. Calliditas will be substantially and irreparably damaged and harmed if Defendants’ infringement of the ’719 Patent is not enjoined.

51. Calliditas does not have an adequate remedy at law.

52. On information and belief, Defendants had knowledge of the ’719 Patent prior to filing their ANDA with the FDA.

53. This case is an exceptional one, and Calliditas is entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**COUNT II**
**INFRINGEMENT OF THE ’882 PATENT**

54. Calliditas repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

55. Defendants’ submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants’ ANDA Product, prior to the expiration of the ’882 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

56. On information and belief, Defendants’ ANDA Product and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the ’882 Patent.

57. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the ’882 Patent.

58. Unless enjoined by this Court, upon FDA approval of Defendants’ ANDA, Defendants will infringe one or more claims of the ’882 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants’ ANDA Product in the United States.

59. Unless enjoined by this Court, upon FDA approval of Defendants’ ANDA Product, Defendants will induce infringement of one or more claims of the ’882 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants’ ANDA Product

in the United States. On information and belief, upon FDA approval of Defendants' ANDA Product, Defendants will intentionally encourage acts of direct infringement with knowledge of the '882 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '882 Patent.

60. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Product, Defendants will contributorily infringe one or more claims of the '882 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States. On information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Product is especially adapted for a use that infringes one or more claims of the '882 Patent and that there is no substantial non-infringing use for Defendants' ANDA Product.

61. Calliditas will be substantially and irreparably damaged and harmed if Defendants' infringement of the '882 Patent is not enjoined.

62. Calliditas does not have an adequate remedy at law.

63. On information and belief, Defendants had knowledge of the '882 Patent prior to filing their ANDA with the FDA.

64. This case is an exceptional one, and Calliditas is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF THE '883 PATENT

65. Calliditas repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

66. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of

Defendants' ANDA Product, prior to the expiration of the '883 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

67.     On information and belief, Defendants' ANDA Product and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the '883 Patent.

68.     There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '883 Patent.

69.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA, Defendants will infringe one or more claims of the '883 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.

70.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Product, Defendants will induce infringement of one or more claims of the '883 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.  On information and belief, upon FDA approval of Defendants' ANDA Product, Defendants will intentionally encourage acts of direct infringement with knowledge of the '883 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '883 Patent.

71.     Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Product, Defendants will contributorily infringe one or more claims of the '883 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.  On information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Product is especially adapted for a use that infringes one or

more claims of the ’883 Patent and that there is no substantial non-infringing use for Defendants’ ANDA Product.

72. Calliditas will be substantially and irreparably damaged and harmed if Defendants’ infringement of the ’883 Patent is not enjoined.

73. Calliditas does not have an adequate remedy at law.

74. On information and belief, Defendants had knowledge of the ’883 Patent prior to filing their ANDA with the FDA.

75. This case is an exceptional one, and Calliditas is entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**COUNT IV**
**INFRINGEMENT OF THE ’057 PATENT**

76. Calliditas repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

77. Defendants’ submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants’ ANDA Product, prior to the expiration of the ’057 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

78. On information and belief, Defendants’ ANDA Product and/or their use in accordance with the product label satisfies each and every element of at least claim 1 of the ’057 Patent.

79. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the ’057 Patent.

80. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA, Defendants will infringe one or more claims of the '057 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.

81. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Product, Defendants will induce infringement of one or more claims of the '057 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.  On information and belief, upon FDA approval of Defendants' ANDA Product, Defendants will intentionally encourage acts of direct infringement with knowledge of the '057 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '057 Patent.

82. Unless enjoined by this Court, upon FDA approval of Defendants' ANDA Product, Defendants will contributorily infringe one or more claims of the '057 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.  On information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Product is especially adapted for a use that infringes one or more claims of the '057 Patent and that there is no substantial non-infringing use for Defendants' ANDA Product.

83. Calliditas will be substantially and irreparably damaged and harmed if Defendants' infringement of the '057 Patent is not enjoined.

84. Calliditas does not have an adequate remedy at law.

85. On information and belief, Defendants had knowledge of the '057 Patent prior to filing their ANDA with the FDA.

86. This case is an exceptional one, and Calliditas is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Calliditas respectfully requests the following relief:

A. An entry of Judgment that Defendants have infringed the patents-in-suit through the submission of ANDA No. 221134 to the FDA;

B. An entry of Judgment that, Defendants have infringed, and that Defendants' making, using, selling, offering to sell, or importing Defendants' ANDA Product will infringe one or more claims of the patents-in-suit;

C. The issuance of an order that the effective date of any FDA approval of Defendants' ANDA Product shall be no earlier than the expiration date of the patents-in-suit and any additional periods of exclusivity to which Calliditas is or becomes entitled;

D. An entry of a preliminary and permanent injunctions enjoining Defendants and others acting in concert with Defendants from commercially manufacturing, using, selling, offering for sale, and/or importing Defendants' ANDA Product within the United States, until after the expiration date of the patents-in-suit and any additional periods of exclusivity to which Calliditas is or becomes entitled;

E. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any compositions or methods claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Calliditas is or becomes entitled;

F.	A Declaration that the commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of Defendants' ANDA Product will directly infringe, induce, and/or contribute to infringement of the patents-in-suit;

G.	To the extent that Defendants have committed any acts with respect to the compositions or methods claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Calliditas be awarded damages for such acts;

H.	If Defendants engage in the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Defendants' ANDA Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Calliditas resulting from such infringement, together with interest;

I.	An award to Calliditas of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

J.	An award to Calliditas of costs and expenses in this action; and

K.	An award to Calliditas of any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff Calliditas Therapeutics AB*

OF COUNSEL:

Andrew Berdon
James E. Baker
Laura Fairneny
Marta A. Godecki
John Galanek
Iyah Chen
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 5th Avenue, 9th Floor
New York, New York 10016
(212) 849 7000

Alexandra K. Kim
QUINN EMANUEL URQUHART & SULLIVAN LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

February 24, 2026